UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                  Case No. 19-CV-00744

$20,000.00, MORE OR LESS,
IN U.S. CURRENCY.

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff United States of America, by and through the undersigned Assistant United States Attorney, brings this complaint and alleges upon information and belief, in accordance with Supp'l Rule G(2), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, as follows:

## NATURE OF THE ACTION

1.    This is a civil action *in rem* to forfeit to the United States of America, pursuant to 21 U.S.C. § 881(a)(6), approximately $20,000.00, more or less, in U.S. Currency (Defendant Funds) as moneys furnished or intended to be furnished by a person in exchange for a controlled substance, proceeds traceable to such an exchange, or moneys used or intended to be used to facilitate a federal controlled substance offense.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over an action commenced by the United States by virtue of 28 U.S.C. § 1345, and over an action for forfeiture by virtue of 28 U.S.C. § 1355.

3.    This Court has *in rem* jurisdiction over the Defendant Funds pursuant to:

      a.      28 U.S.C. § 1355(b)(1)(A), because pertinent acts or omissions giving rise to the forfeiture occurred in Mobile, Alabama, which is in Mobile County, and the Southern District of Alabama; and

      b.      28 U.S.C. § 1355(b)(1)(B), because venue properly lies in the Southern District of Alabama pursuant to 28 U.S.C. § 1395.

4. Venue is proper in the United States District Court for the Southern District of Alabama, pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

## THE DEFENDANT *IN REM*

5. The Defendant Funds consist of $20,000.00, more or less, in United States currency that was seized on February 13, 2019 on Interstate 10 (West) at or about Mile Marker 4. United States Department of Homeland Security - Homeland Security Investigations ("HSI") took custody of the Defendant Funds and they remain in the custody of the United States.

6. As set forth in Supp'l Rule G(3)(b)(i), the Clerk of Court must issue a warrant to arrest the Defendant Funds if they are in the government's possession, custody, or control.

## BASIS FOR FORFEITURE

7. The Defendant Funds are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because they constitute: (1) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

8. Specific details of the facts and circumstances supporting the forfeiture of the Defendant Funds have been provided by HSI Special Agent Jamal Dozier. He states as follows:

   a) At all times relevant, Jamal Dozier was and remains employed as a Special Agent ("SA") with HSI. He has participated in numerous investigations, including investigations related to the Federal Controlled Substances Act and money laundering violations within the Southern District of Alabama and other judicial districts. SA Dozier is familiar with the operation of persons involved in the illegal prescribing, distribution, storage, and transportation of prescription drugs and the collection and distribution of money representing the proceeds of drug trafficking.

   b) On February 13, 2019, Deputy T. Tomazeski of the Mobile County Sheriff's Office conducted a traffic stop of a Silver Chevy Silverado for following too closely. The vehicle was occupied by Juan Garcia (driver) and Christopher Vaughn (passenger). The driver (Garcia) did not have a valid drivers' license. Garcia told the Deputy that he was in possession of a "substantial amount of money." Garcia consented to Deputy Tomazeski searching the vehicle. Garcia's wallet was located inside the center console and contained 2.0 grams of cocaine. Garcia was advised of his rights. SA Dozier was present during his post-Miranda interview.

   c) Garcia stated that he had traveled to Atlanta, Georgia to retrieve $20,000 in cash and was returning to San Antonio, Texas. Garcia stated that he and Vaughn were interested in forming a business partnership to start up a salvage yard and they had borrowed the money from Garcia's cousin as start-up money. Garcia claimed ownership of the currency and the cocaine.

  d) Garcia was questioned about why he would drive 14 hours to pick up cash rather than having his cousin electronically transfer the money to a San Antonio bank. Garcia stated that there wasn't a branch of his bank in Atlanta.

  e) Vaughn was separately Mirandized and interviewed. He stated that he and Garcia both had a background in vehicle maintenance and the currency in the vehicle was start-up money loaned by Garcia's cousin who lives in the Atlanta area. Vaughn was unable to state where in the Atlanta area the pair had traveled and did not know the cousin's name. When questioned about why the funds were not transferred electronically, Vaughn stated that he owed back child support and was afraid that if the funds were deposited in an account they would be seized to pay the debt. Vaughn was released at the scene.

  f) Garcia was arrested for possession of a controlled substance and HSI took custody of the $20,000 in US Currency.

9. Based on the facts as set out by SA Dozier, probable cause exists to believe that the Defendant Funds are subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6).

## **CONCLUSION**

44. As required by Supp'l Rule G(2)(f), the facts set forth herein support a reasonable belief that the government will be able to meet its burden of proof at trial. Specifically, probable cause exists to believe that the Defendant Funds constitute money used or intended to be used to facilitate federal controlled substance offenses, proceeds or are traceable to proceeds of federal controlled substance offenses, or money furnished or intended to be furnished in exchange for a controlled substance, in violation of 21 U.S.C. § 801, *et seq.*, and are therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, pursuant to Supp'l Rule G, Plaintiff United States of America respectfully requests that process of forfeiture be issued against the Defendant Funds; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that the Defendant Funds be forfeited to the United States for disposition according to law; and that the United States have such other and further relief as this case may require.

Respectfully submitted,

RICHARD W. MOORE
UNITED STATES ATTORNEY

Date: October 7, 2019      By:   */s/ Kasee Sparks Heisterhagen*
　　　　　　　　　　　　　　　　 Kasee Sparks Heisterhagen
　　　　　　　　　　　　　　　　 Assistant United States Attorney
　　　　　　　　　　　　　　　　 63 S. Royal Street, Suite 600
　　　　　　　　　　　　　　　　 Mobile, Alabama 36602
　　　　　　　　　　　　　　　　 Telephone:   251.415.7186
　　　　　　　　　　　　　　　　 Facsimile:   251.441.5044
　　　　　　　　　　　　　　　　 Email:         kasee.heisterhagen@usdoj.gov

## VERIFICATION

I, JAMAL A. DOZIER, hereby verify and declare under penalty of perjury, that I am a Special Agent with the United States Department of Homeland Security - Homeland Security Investigations, and pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Forfeiture *in Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, including the Mobile County Sheriff's Office. The Verified Complaint does not contain each and every fact that I have learned during the course of this investigation, but only those necessary to support the seizure of the Defendant Funds and the initiation of this civil forfeiture action.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of October, 2019.

_____
Jamal A. Dozier
Special Agent
United States Department of Homeland Security
Homeland Security Investigations

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
$20,000.00, more or less, in U.S. Currency

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
AUSA Kasee S. Heisterhagen, USAO, SDAL, 63 S. Royal St., Suite 600, Mobile, AL 36609  251-441-5845

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [X] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | **PERSONAL PROPERTY** | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus - Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
21 USC 881(a)(6)

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE 10/7/19

SIGNATURE OF ATTORNEY OF RECORD
Kasee Heisterhagen

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                                                          Case No. 19-CV-00744

**$20,000.00, MORE OR LESS,
IN U.S. CURRENCY.**

## NOTICE OF FORFEITURE ACTION

    The United States of America, by and through the United States Attorney for the Southern District of Alabama, Richard W. Moore, filed a Verified Complaint for Forfeiture, on October 7, 2019, against $20,000.00, more or less, in U.S. Currency, which is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), which subjects to civil forfeiture all money or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of the Controlled Substances Act, all proceeds traceable to such an exchange, and all money used or intended to be used to facilitate any violation of the Controlled Substances Act.

    On October 7, 2019, pursuant to Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, plaintiff sent this direct Notice of Forfeiture Action by certified mail, return receipt requested and Regular U.S. Mail to:

Kyle Henderson, Esq.
Kyle Henderson, LLC                               Christopher Wayne Vaughn
PO Box 274                                               128 Avondale
Daphne, AL 36526                                    San Antonio, TX 78223

Juan Ignacio Garcia
5723 Old Sequin Road
San Antonio, TX 78219

    Those receiving this notice are notified that in order to defend against civil forfeiture of the property, any person claiming an interest in, or right against it, must first timely file a claim in the court where the action is pending, pursuant to Rules G(4) and G(5) of the Supplemental Rules for

Admiralty or Maritime Claims and Asset Forfeiture Actions.  Any such claim must identify the specific property claimed, identify the claimant and state the claimant's interest in the property, be signed by *the claimant* under penalty of perjury, and be served on the government attorney handling the case who is identified below.  A claimant sent notice must file a claim no later than **35** days after the date notice is sent.  This notice was sent on **October 7, 2019,** making any claim by a claimant sent direct notice due no later than **November 11, 2019.**  In addition, any person having filed such a claim must also file an answer or motion in response to the complaint no later than **21** days after the filing of the claim.  These dates may be extended in the event that any persons who reasonably appear to be potential claimants are identified.

Any claim you filed with the seizing agency in an administrative proceeding is **NOT** a substitute for the claim you must file in this action which meets the requirements of and within the time allowed under Rules G(4) and G(5), as described above.

Claims and Answers are to be filed with the Clerk, United States District Court, Southern District of Alabama, 155 St. Joseph Street, Mobile, Alabama 36602, with a copy thereof sent to Assistant United States Attorney, Kasee S. Heisterhagen, 63 S. Royal Street, Suite 600, Mobile, Alabama 36602.

                              Respectfully submitted,

                              RICHARD W. MOORE
                              UNITED STATES ATTORNEY

Date: October 7, 2019        By:   */s/ Kasee Sparks Heisterhagen*
                                            Kasee Sparks Heisterhagen
                                            Assistant United States Attorney
                                            63 S. Royal Street, Suite 600
                                            Mobile, Alabama 36602
                                            Telephone:   251.415.7186
                                            Facsimile:   251.441.5044
                                            Email:          [Kasee.heisterhagen@usdoj.gov](mailto:Kasee.heisterhagen@usdoj.gov)

## **CERTIFICATE OF SERVICE**

On October 7, 2019, I certify that pursuant to Supp. R. For Adm. M. and Forf. Claims G(4)(b), the foregoing Notice of Judicial Forfeiture Proceeding and a copy of the Complaint *In Rem*, was sent via certified U.S. Mail, return receipt requested and regular U. S. Mail, to the following:

Kyle Henderson, Esq.
Kyle Henderson, LLC
PO Box 274
Daphne, AL 36526

Juan Ignacio Garcia
5723 Old Sequin Road
San Antonio, TX 78219

Christopher Wayne Vaughn
128 Avondale
San Antonio, TX 78223

*/s/ Kasee Sparks Heisterhagen*
_____
Kasee Sparks Heisterhagen
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                Case No. 19-CV-19-00744

$20,000.00, MORE OR LESS,
IN U.S. CURRENCY.

## WARRANT FOR ARREST OF
## $20,000.00, MORE OR LESS, IN U.S. CURRENCY

**TO THE DEPARTMENT OF HOMELAND SECURITY OF THE SOUTHERN DISTRICT OF ALABAMA AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER:**

    **WHEREAS**, a Verified Complaint for Forfeiture *In Rem* which had been filed in this Court on October 7, 2019, alleges that the defendant in rem in the above-captioned action is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6), which subjects to civil forfeiture all money or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of the Controlled Substances Act, all proceeds traceable to such an exchange, and all money used or intended to be used to facilitate any violation of the Controlled Substances Act; and,

    **WHEREAS**, the defendant is more particularly identified as $20,000.00, more or less, in U.S. Currency; and,

    **WHEREAS**, said defendant is alleged to be in the government's possession, custody or control in the Verified Complaint for Forfeiture *In Rem*, namely, the Department of Homeland Security, in the Southern District of Alabama, and,

    **WHEREAS**, Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, effective December 1, 2006, requires that the Clerk of

Court issue a warrant for arrest of such a defendant if it is in the government's possession, custody, or control, and,

**WHEREAS,** service of a warrant for arrest in connection with a Verified Complaint for Forfeiture on property already in the government's possession, custody or control is necessary to establish the Court's *in rem* jurisdiction over the property;[1] and,

**WHEREAS**, Rule G(3)(b)(iii) provides that a warrant for arrest and any supplemental process may be executed outside the district when the Verified Complaint for Forfeiture *In Rem* is filed if authorized by statute; and,

**WHEREAS**, 28 U.S.C. §1355(d) authorizes any Court with jurisdiction over a forfeiture action pursuant to subsection (b) may issue and cause to be served in any district such process may be required to bring before the court the property that is the subject of the forfeiture action by any court with jurisdiction over a forfeiture action; and,

**WHEREAS,** the United States District Court for the Southern District of Alabama has jurisdiction of this action as at least some of the acts or omissions giving rise to the forfeiture occurred in the district, authorizing the issuance and service of the warrant in another district under 28 U.S.C. §1355(b)(1)(A).

---

[1] *United States v. All Funds Distributed to Weiss*, 345 F.3d 49, 55 n.7, 56 n.8 (2d Cir. 2003) (seizure or constructive control of the property is necessary for the court to exercise in rem jurisdiction; distinguishing *James Daniel Good* as creating a special case for real property); *Ventura Packers, Inc. V. F/V Kathleen*, 424 F.3d 852, 853 (9th Cir. 2005) (in rem jurisdiction is obtained by serving an arrest warrant in rem pursuant to [former] Rule C(3)); *United States v. One Oil Painting*, 362 F. Supp. 2d 1175, 1183-84 (C.D. Cal. 2005) (the court does not obtain jurisdiction over the res until it is arrested, seized, or otherwise brought within the court's control; obtaining jurisdiction over the property and sending notice to potential claimants are different concepts).

**YOU ARE, THEREFORE, HEREBY COMMANDED** to as soon as practicable arrest and seize the defendant described herein and in the Verified Complaint for Forfeiture *In Rem*, to make prompt return thereof, and to use discretion and whatever means appropriate to protect and maintain said defendant.

Dated: _____

                               CHARLES R. DIARD, JR.
                               CLERK OF COURT

By: _____
        Deputy Clerk