```
IN THE UNITED STATES DISTRICT COURT
   FOR THE SOUTHERN DISTRICT OF ALABAMA
             SOUTHERN DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 19-00744-WS-B |
| | * |
| $20,000, MORE OR LESS, IN U.S. CURRENCY, | * |
| | * |
| Defendant. | * |

## REPORT AND RECOMMENDATION

This action has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S) and is before the Court on review. The United States filed this forfeiture action on October 7, 2019. (Doc. 1). On November 12, 2019, Claimant Juan Ignacio Garcia ("Garcia") filed a claim asserting ownership of the subject currency and contesting the forfeiture of the currency to the United States. (Doc. 5). In February 2020, counsel for Garcia filed a motion to stay discovery and the trial of this action, based on the pendency of state criminal proceedings against Garcia, with the currency being seized in the course of Garcia's arrest on the state charges. (Doc. 16). The Court granted the motion on February 27, 2020. (Doc. 17).

On September 10, 2020, counsel for Garcia filed a status report notifying the Court that Garcia pled guilty to the state

charge on August 31, 2020. (Doc. 31). On the same date, counsel filed a motion to withdraw, stating that Garcia had requested that counsel not continue with his case and requesting permission to withdraw as attorney for Garcia. (Doc. 32). A status conference was conducted before the undersigned on September 28, 2020, with counsel for the parties appearing by telephone. (Doc. 34). At the status conference, counsel for Garcia confirmed that Garcia had requested that he withdraw from further representation of him in this case, and that he had advised Garcia that he would be filing a motion to withdraw consistent with his request. On September 30, 2020, the undersigned entered an order granting counsel's motion to withdraw. (Doc. 35). In the order, Garcia was granted leave until October 20, 2020 to either retain new counsel and have his new counsel file a written notice of appearance with the Court or, in the alternative, to advise the Court by a written pleading of his intent to continue with this litigation and proceed *pro se*. (Id.). Garcia was expressly warned that his failure to comply with the Court's order would result in a recommendation that his claim be dismissed for failure to prosecute and obey the Court's order. (Id. at 2). The Court's September 30, 2020 order was sent to the address for Garcia that was listed on his attorney's motion to withdraw.

Despite the Court's explicit directive, no attorney has entered an appearance on Garcia's behalf, nor has Garcia filed a

pleading indicating his intent to continue with this litigation on a *pro se* basis. On October 22, 2020, the Court entered an order for Garcia to show cause by October 30, 2020 as to why the previously granted stay should not be lifted. (Doc. 36). After Garcia failed to respond to the show cause order, the Court, on November 23, 2020, ordered that the stay entered on February 27, 2020 be lifted. (Doc. 37).

A court may dismiss an action *sua sponte* under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to prosecute or obey a court order. Brown v. Tallahassee Police Dep't, 205 F. App'x 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b); Lopez v. Aransas Cnty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)).[1] Rule 41 "explicitly provides that it applies equally in the case of third-party claims." United States v. Smith, 2020 WL 1304246, at *2 (M.D. Ala. Feb. 11, 2020) (citing Fed. R. Civ. P. 41(c)), report and recommendation adopted, 2020 WL 1280765 (M.D. Ala. Mar. 17, 2020). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

3

626, 630-31 (1962)). To justify dismissal with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005).

The record reflects that, since his counsel was permitted to withdraw on September 30, 2020, Garcia has failed to retain new counsel and has filed nothing in this matter, despite being ordered by the Court to do so and despite being warned that failure to either retain new counsel or make a filing indicating his intent to proceed *pro se* would result in a recommendation of dismissal. Thus, the undersigned surmises that Garcia has lost interest in prosecuting his claim. In light of Garcia's failure to prosecute and to comply with the Court's order dated September 30, 2020, and upon consideration of the alternatives available to the Court, it is recommended that Garcia's claim be dismissed without prejudice due to Garcia's failure to prosecute and to comply with the Court's order.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific

4

written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **10th** day of **December, 2020.**

                                        **/S/SONJA F. BIVINS**
                                     **UNITED STATES MAGISTRATE JUDGE**